FILED

FEB 11 2014

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEX T. OWEN, | No. C 13-03764 EJD (PR) |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| MARION SPEARMAN, Warden, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state conviction. Petitioner has paid the filing fee.

**BACKGROUND**

According to the petition, Petitioner was found guilty by a jury in San Mateo County of two counts of second degree robbery. (Pet. at 2.) Petitioner was sentenced to eleven years in state prison. (Id.) Petitioner appealed the conviction. The state appellate court affirmed the conviction, and the state high court denied review. (Id. at 3.)

Petitioner filed state habeas petitions challenging the conviction, with the California Supreme Court denying review on July 17, 2013. (Pet. at 5.)

Order to Show Cause
G:\PRO-SE\EJD\HC.13\03764Owen_osc.wpd

Petitioner filed the instant federal habeas petition on August 13, 2013.[1]

## DISCUSSION

A. <u>Standard of Review</u>

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." <u>Id.</u> § 2243.

B. <u>Legal Claims</u>

Petitioner claims that trial counsel rendered ineffective assistance for failing file a motion for new trial based on a witness's "pre-trial encounter" with him, and that appellate counsel provided ineffective assistance for failing to file this viable claim on appeal. (Pet. at 13.) Petitioner also claims ineffective assistance by trial counsel for his failure to conduct a reasonable pre-trial investigation. (<u>Id.</u> at 20.) Liberally construed, these claims are cognizable under § 2254 and merit an answer from Respondent.

C. <u>Petitioner's Motions</u>

On his petition, Petitioner moves for an evidentiary hearing and appointment of counsel. (Pet. at 1.) The Sixth Amendment's right to counsel does not apply in habeas corpus actions. See <u>Knaubert v. Goldsmith</u>, 791 F.2d 722, 728 (9th Cir.), <u>cert. denied</u>, 479 U.S. 867 (1986). Unless an evidentiary hearing is required, the decision to appoint counsel is within the discretion of the district court. See <u>Knaubert</u>, 791 F.2d at 728; <u>Bashor v. Risley</u>, 730 F.2d 1228, 1234 (9th Cir.), <u>cert. denied</u>, 469 U.S. 838 (1984). An

---

[1] The action was dismissed on January 2, 2014, for failure to pay the filing fee, (Docket No. 7), and then reopened on February 5, 2014, after the Court granted Petitioner's motion for reconsideration. (Docket No. 10.)

evidentiary hearing does not appear necessary at this time, and there are no exceptional circumstances to warrant appointment of counsel. Accordingly, Petitioner's motions are DENIED without prejudice to the Court's sua sponte reconsideration should the Court later find an evidentiary hearing necessary following consideration of the merits of Petitioner's claim.

## CONCLUSION

For the foregoing reasons and for good cause shown,

1. The Clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk also shall serve a copy of this order on Petitioner.

2. Respondent shall file with the court and serve on petitioner, within **sixty (60) days** of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within **thirty (30) days** of his receipt of the answer.

3. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If Respondent files such a motion, Petitioner shall file with the Court and serve on Respondent an opposition or statement of non-opposition within **thirty (30) days** of receipt of the motion, and Respondent shall file with the court and serve on Petitioner a reply within **fifteen (15) days** of receipt of any opposition.

4. Petitioner is reminded that all communications with the court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must also keep the Court and all parties informed of any change of address.

DATED: 2/11/14

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ALEX T. OWEN,

        Petitioner,

v.

MARION SPEARMAN, Warden,

        Respondent.

Case Number: CV13-03764 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 2/11/14, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Alex T. Owen AD2212
Correctional Training Facility - North
P. O. Box 705
Soledad, CA 93960

Dated: 2/11/14

Richard W. Wieking, Clerk
By: Elizabeth Garcia, Deputy Clerk